UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA ALTIERI                                                                JURY TRIAL DEMANDED
    Plaintiff
V.                                                                                             Civil Action No.

HABAND,
WORLD FINANCIAL CAPITAL BANK
(a.k.a. COMENITY BANK),                                                  November 21, 2012
ALLIANCE DATA SYSTEMS CORPORATION

**COMPLAINT**

**INTRODUCTION**

1. Patricia Altieri is an 83 year old woman living in Senior Housing whose sole source of income is Social Security. After months of harassment by the defendants in violation of federal and state law for a debt she does not owe, Ms. Altieri brings this action for damages, costs, and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA", 15 U.S.C. §1692 et. seq.), the Connecticut Creditors' Collection Practices Act ("CCPA", Conn. Gen. Stat. § 36a-645 et. seq.), and Connecticut common law.

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

**PARTIES**

3. Patricia Altieri resides at 185 Wade Terrace, Apt. 2-L, Fairfield, Connecticut

4. Ms. Altieri is a consumer within the meaning of the FDCPA and CCPA.

5. Defendants World Financial Capital Bank ("WFCB") and Alliance Data Systems Corporation ("ADSC") are engaged in the practice of consumer debt collection.

6. Haband is a creditor who was owed a debt by Ms. Altieri and such debt resulted from a transaction that occurred in the ordinary course of its business.

## **FACTUAL ALLEGATIONS**

7. In April 2012, Patrcia Altieri ordered some slacks from Haband.

8. On April 13, 2012 she mailed a check for this amount to Haband.

9. This checked was cashed on April 29, 2012.

10. In June 2012 she began receiving phone calls from WFCB informing her that she still owed money on this purchase.

11. Ms. Altieri's Haband statements state that WFCB is the contact for all billing questions.

12. WFCB is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. In June 2012 Ms. Altieri informed the WFCB representative that she had paid for this purchase in full.

14. She was told by WFCB that she had to resolve this with Haband.

15. When she called Haband, she was told that she had paid for the purchase but that she still owed more money.

16. The Haband representative would not tell Ms. Altieri how much money she owed or why she owed it.

17. Ms. Altieri continued to receive statements from Haband showing she still owed the entire amount of the purchase plus monthly late fees amounting to approximately half of the purchase price.

18. Ms. Alteiri continues to receive these statements.

19. Although WFCB had been notified by Plaintiff that she had paid the bill in full, WFCB continued to call Plaintiff and demand payment.

20. These calls soon escalated to four times a day starting at 8:00 AM and ending at 8:30 PM or

later and continue to the present.

21. WFCB reported this erroneous debt to the credit reporting agencies damaging Ms. Altieri's credit.

22. In October 2012, Ms. Altieri also began receiving calls from Alliance Data Systems concerning this purchase.

23. These calls have been extremely upsetting to Ms. Alteiri.

24. On November 6, 2012 Connecticut Legal Services, representing Ms. Altieri, wrote to WFCB and ADSC demanding they cease all calls and credit her account as paid in full.

25. After receiving this letter WFCB continued to call Ms. Altieri.

**COUNT ONE (FDCPA Violations By WFCB)**

26. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 -22 above.

27. Defendant WFCB violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    (a) WFCB violated 15 U.S.C. §1692d by willfully and maliciously engaging in conduct the natural consequence of which was to harass Ms. Alteiri such as continuing to constantly contact Plaintiff long after Defendant knew Ms. Altieri had paid for her purchase in full.

    (b) WFCB violated 15 U.S.C. §1692f(1) by attempting to collect a debt plus late fees that it was not authorized to collect because Ms. Altieri did not owe it.

    (c) WFCB violated 15 U.S.C. §1692e(2)(A) by misrepresenting that Ms. Altieri owed money on a purchase when, in fact, they were aware that no debt existed.

    (d) WFCB violated 15 U.S.C. §1692e by attempting to collect money from Ms. Altieri by using false, deceptive, and misleading misrepresentations.

    (e) WFCB violated 15 U.S.C. §1692g(a) by not sending Ms. Altieri written confirmation of the

   debt they claimed she owed within five days of their call to her.

   (f) WFCB violated 15 U.S.C. §1692c (c) by contacting Ms. Altieri after they had been requested to cease communication with her.

   (g) WFCB violated 15 U.S.C. §1692c (c) (a) (2) by contacting Ms. Altieri after they knew she was represented by an attorney.

28. As a result of the above violations of the FDCPA, Ms. Altieri has suffered severe emotional distress, embarrassment, stress, anxiety, and fear.

### COUNT TWO (FDCPA Violations By ADSC)

29. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 – 22 above.

30. Defendant ADSC violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   (a) ADSC violated 15 U.S.C. §1692d by willfully and maliciously engaging in conduct the natural consequence of which was to harass Ms. Alteiri such as continuing to constantly contact Plaintiff long after Defendant knew Ms. Altieri had paid for her purchase in full.

   (b) ADSC violated 15 U.S.C. §1692f(1) by attempting to collect a debt plus late fees that it was not authorized to collect because she did not owe it.

   (c) ASAC violated 15 U.S.C. §1692e(2)(A) by misrepresenting that Ms. Altieri owed money on a purchase when, in fact, they were aware that no debt existed.

   (d) ASAC violated 15 U.S.C. §1692e by attempting to collect money from Ms. Altieri by using false, deceptive, and misleading misrepresentations.

   (e) ASAC violated 15 U.S.C. §1692g(a) by not sending Ms. Altieri written confirmation of the debt they claimed she owed within five days of their call to her.

31. As a result of the above violations of the FDCPA, Ms. Altieri has suffered severe emotional distress, embarrassment, stress, anxiety, and fear.

**COUNT THREE (CCPA Violations By Haband)**

32. Paragraphs 1 – 22 are incorporated by reference as if fully restated herein.

33. Defendant Haband violated the CCPA.  Defedant's violations include, but are not limited to, the following:

(a) Haband violated Conn. Gen. Stat. §36a-648 by willfully and maliciously engaging in conduct the natural consequence of which was to harass and abuse Ms. Altieri by calling her repeatedly, soliciting payment including late fees that was not authorized by the contract or by law, and by refusing to make a reasonable effort to determine the validity of her disputed debt.

(b) Haband violated Conn. Gen. Stat. §36a-648 by making a false, deceptive, and misleading representations of the character, amount, and legal status of the debt they claim she owed.

34. As a result of the above violations of the CCPA, Ms. Altieri was harmed by suffering severe emotional distress, embarrassment, stress, anxiety, and fear.

**COUNT FOUR (Negligent Infliction of Emotional Distress)**

35. Paragraphs 1 – 22 are incorporated by reference as if fully restated herein.

36. Defendants conduct created an unreasonable risk of causing Ms. Altieri foreseeable emotional distress severe enough that it might result in illness and bodily harm.

37. As a result of the above violations of the FDCPA, Ms. Altieri has suffered severe emotional distress, embarrassment, stress, anxiety, and fear.

**COUNT FIVE (Intentional infliction of Emotional Distress)**

38. Paragraphs 1 – 22 are incorporated by reference as if fully restated herein.

39. Defendants engaged in extreme and outrageous conduct that they know or should have known would likely cause Ms. Altieri emotional distress.

40. As a result of the above violations of the FDCPA, Ms. Altieri has suffered severe emotional

distress, embarrassment, stress, anxiety, and fear.

## **CLAIMS FOR RELIEF**

WHEREFORE PLAINTIFF CLAIMS:

1. An order from the court that Defendants cease contacting Ms. Altieri and credit her account as paid in full;

2. Damages;

3. Statutory damages, pursuant to 15 U.S.C. §1692k and Conn. Gen. Stat. §36a-648;

4. Costs and attorneys fees, pursuant to 15 U.S.C. §1692k and Conn. Gen. Stat. §36a-648;

5. Such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Patricia Altieri demands trial by jury in this action. Sworn and subscribed this 21st day of November 2012.

*Mark R. Moore*
/s/ Mark R. Moore
Commissioner of Superior Court

Respectfully submitted,
PLAINTIFF PATRICIA ALTIERI

By: */s/ Mark R. Moore*
Mark R. Moore
Fed. Bar No. CT28639
Connecticut Legal Services
211 State Street
Bridgeport, CT 06604
(203) 212-5514
mmoore@connlegalservices.org

Ben Solnit
Fed. Bar No. CT-00292
Connecticut Legal Services
85 Central Avenue
Waterbury, CT 06702
203-721-8551

bsolnit@connlegalservices.org

Attorneys for Plaintiff