UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA ALTIERI,<br><br>        Plaintiff,<br><br>v.<br><br>HABAND,<br>WORLD FINANCIAL CAPITAL BANK<br>(A/K/A COMENITY BANK),<br>ALLIANCE DATA SYSTEMS<br>CORPORATION,<br>        Defendants. | CIVIL ACTION NO. 3:12-CV-01673-RNC<br><br><br>March 13, 2013 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Haband Company LLC ("Haband"),[1] Comenity Capital Bank, f/k/a World Financial Capital Bank ("Comenity Capital"),[2] and Alliance Data Systems Corporation ("Alliance") (collectively, "Defendants"), respectfully submit this Answer and Affirmative Defenses to the Amended Complaint dated January 28, 2013 of Plaintiff, Patricia Altieri.

## ANSWER

## INTRODUCTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 1 and on that basis deny them and leave Plaintiff to her proof. The remaining allegations set forth in paragraph 1 state Plaintiff's theory of the case and legal conclusions, to which no response is required. Defendants deny the remaining allegations set forth in paragraph 1.

---

[1] Haband operates as Haband Company LLC.
[2] World Financial Capital Bank is not an also known as for Comenity Bank as alleged in the Amended Complaint. Rather, World Financial Capital Bank changed its name to Comenity Capital Bank effective October 1, 2012.

## JURISDICTION AND VENUE

2. Paragraph 2 sets forth a legal conclusion to which no response is required. Defendants do not contest jurisdiction or venue. Further answering, Defendants deny that the "conduct complained of" occurred.

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and on that basis deny them and leave Plaintiff to her proof.

4. Paragraph 4 sets forth a legal conclusion to which no response is required. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis deny them and leave Plaintiff to her proof.

5. Paragraph 5 sets forth a legal conclusion to which no response is required. Further answering, Defendants deny the allegations set forth in paragraph 5.

6. Paragraph 6 sets forth a legal conclusion to which no response is required. Further answering, Defendants admit the allegations set forth in paragraph 6, and state that Plaintiff continues to owe a debt to Haband.

## FACTUAL ALLEGATIONS

7. Defendants deny the allegations set forth in paragraph 7. Further answering, Defendants state that Plaintiff made purchases from Haband, on March 7 ($1.95), March 9 ($29.64) and March 30 ($14.82), 2012.

8. Defendants deny the allegations set forth in paragraph 8. Further answering, Defendants state that check amount was for $46.41, and that Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 and on that basis deny them and leave Plaintiff to her proof.

9. Defendants deny the allegations set forth in paragraph 9. Further answering, Defendants state that Plaintiff's check for $46.41 was credited to her Haband credit card account issued by World Financial Capital Bank, n/k/a Comenity Capital Bank, on April 20, 2012.

10. Defendants deny the allegations set forth in paragraph 10.

11. Defendants deny the allegations set forth in paragraph 11. Further answering, Defendants state that statements speak for themselves.

12. Paragraph 12 sets forth a legal conclusion to which no response is required. Further answering, Defendants deny the allegations set forth in paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis deny them and leave Plaintiff to her proof.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis deny them and leave Plaintiff to her proof.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and on that basis deny them and leave Plaintiff to her proof.

16.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis deny them and leave Plaintiff to her proof.

17.   Defendants deny the allegations set forth in paragraph 17.

18.   Defendants deny the allegations set forth in paragraph 18.

19.   Defendants deny the allegations set forth in paragraph 19.

20.   Defendants deny the allegations set forth in paragraph 20.

21.   Defendant Comenity Capital admits the allegation set forth in paragraph 21 that it reported Plaintiff's credit card account, including any balance owed, to the credit reporting agencies and Defendants deny the remaining allegations set forth in paragraph 21.

22.   Defendants deny the allegations set forth in paragraph 22.

23.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and on that basis deny them and leave Plaintiff to her proof.

24.   Defendants deny the allegations set forth in paragraph 24.  Further answering, Defendants admit that Attorney Mark Moore of Connecticut Legal Services wrote a letter to Alliance Data Systems Corporation dated November 6, 2012, which speaks for itself.  Further answering, Defendants state that Attorney Moore mailed the letter to an address for the corporate headquarters of Alliance Data Systems Corporation that is not designated to receive consumer inquiries.  The letter was forwarded to the correct facility and department and logged in for processing on November 16, 2012.

25.   Defendants deny the allegations set forth in paragraph 25.

## COUNT ONE (FDCPA VIOLATIONS BY WFCB)

26. Defendants incorporate their responses to paragraphs 1 through 25 as if fully set forth herein.

27. Defendants deny the allegations set forth in paragraph 27, including but not limited to subsections (a) through (h).

28. Defendants deny the allegations set forth in paragraph 28.

## COUNT TWO (FDCPA VIOLATIONS BY ADSC)

29. Defendants incorporate their responses to paragraphs 1 through 28 as if fully set forth herein.

30. Defendants deny the allegations set forth in paragraph 30, including but not limited to subsections (a) through (e).

31. Defendants deny the allegations set forth in paragraph 31.

## COUNT THREE (CCPA VIOLATIONS BY HABAND)

32. Defendants incorporate their responses to paragraphs 1 through 31 as if fully set forth herein.

33. Defendants deny the allegations set forth in paragraph 33, including but not limited to subsections (a) and (b).

34. Defendants deny the allegations set forth in paragraph 34.

## COUNT FOUR (FCRA VIOLATIONS BY WFCB)

35. Defendants incorporate their responses to paragraphs 1 through 34 as if fully set forth herein.

36. Defendants deny the allegations set forth in paragraph 36, including but not limited to subsections (a) through (c).

### COUNT FIVE (FCRA VIOLATIONS BY HABAND)

37. Defendants incorporate their responses to paragraphs 1 through 36 as if fully set forth herein.

38. Defendants deny the allegations set forth in paragraph 38, including but not limited to subsections (a) through (c).

### COUNT SIX (CUTPA VIOLATIONS BY WFCB)

39. Defendants incorporate their responses to paragraphs 1 through 38 as if fully set forth herein.

40. Defendants deny the allegations set forth in paragraph 40, including but not limited to subsection (a).

### COUNT SEVEN (CUTPA VIOLATIONS BY HABAND)

41. Defendants incorporate their responses to paragraphs 1 through 40 as if fully set forth herein.

42. Defendants deny the allegations set forth in paragraph 42, including but not limited to subsection (a).

### COUNT EIGHT (NEGLIGENT INFLICTION OF EMPTIONAL DISTRESS)

43. Defendants incorporate their responses to paragraphs 1 through 42 as if fully set forth herein.

44. Defendants deny the allegations set forth in paragraph 44.

45. Defendants deny the allegations set forth in paragraph 45.

### COUNT NINE (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

46. Defendants incorporate their responses to paragraphs 1 through 45 as if fully set forth herein.

47. Defendants deny the allegations set forth in paragraph 47.

48. Defendants deny the allegations set forth in paragraph 48.

## CLAIMS FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief specifically requested in paragraphs 1 through 6 of this section.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Each of the Counts of Plaintiff's Amended Complaint have failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are preempted and barred or limited by the Fair Credit Reporting Act because pursuant to 15 U.S.C. § 1681s-2(a), (c) and (e) there is no private right of action for a furnisher's allegedly providing or failing to correct inaccurate information furnished to a credit reporting agency.

**Third Affirmative Defense**

Plaintiff's claims are preempted and barred or limited by the Fair Credit Reporting Act because pursuant to 15 U.S.C. §§ 1681s-2(b), a furnisher has no duty to investigate a dispute by a consumer of disputed information. Therefore, Plaintiff cannot bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681n, *et seq.*, for an alleged violation of 15 U.S.C. § 1681s-2.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the Fair Credit Reporting Act because any information furnished by Defendants to credit reporting agencies was accurate.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the First Amendment of the United States Constitution and under the common law because any information furnished by Defendants to credit reporting agencies was true.

**Sixth Affirmative Defense**

Plaintiff's claims are barred because any information furnished by Defendants to credit reporting agencies was subject to a qualified privilege because it was made upon a proper occasion, from a proper motive and was based upon reasonable or probable cause.

**Seventh Affirmative Defense**

If Plaintiff sustained any damages as alleged in the Amended Complaint, which Defendants deny, such damages were caused by Plaintiff's own conduct or the conduct of third parties for which Defendants are not liable.

**Eighth Affirmative Defense**

If Plaintiff sustained any damages as alleged in the Amended Complaint, which Defendants deny, such damages, if any, must be dismissed or reduced due to Plaintiff's failure to avoid or mitigate them.

**Ninth Affirmative Defense**

If Plaintiff sustained any damages as alleged in the Amended Complaint, which Defendants deny, such damages must be apportioned amongst the persons who caused them.

**Tenth Affirmative Defense**

If Plaintiff sustained any damages as alleged in the Amended Complaint, which Defendants deny, such damages must be off set against the amounts Plaintiff owes to Defendants.

**Eleventh Affirmative Defense**

Plaintiff's claim for an alleged violation of the Connecticut Unfair Trade Practices Act, § 42-110(b) of the Connecticut General Statutes, is barred because the alleged violation is not an unfair method of competition or an unfair or deceptive act or practice within the meaning of § 42-110(b).

**Twelfth Affirmative Defense**

Plaintiff's claim for an alleged violation of the Connecticut Unfair Trade Practices Act, § 42-110(b) of the Connecticut General Statutes, is barred because Defendants were not engaging in "trade" or "commerce" within the meaning of §§ 42-110a(4) and 42-110b(a) with regard to the alleged violation.

**Thirteenth Affirmative Defense**

Plaintiff's claim for an alleged violation of the Connecticut Unfair Trade Practices Act, § 42-110b of the Connecticut General Statutes, is barred because Plaintiffs did not suffer any ascertainable loss of money or property, real or personal, as a result of the use or employment of the method, act or practice alleged to be prohibited by § 42-110b.

**WHEREFORE,** Defendants, Haband Company LLC, Comenity Capital Bank, f/k/a World Financial Capital Bank, and Alliance Data Systems Corporation, demand judgment dismissing the Amended Complaint with prejudice, together with costs and attorney's fees, and such other relief as this Court deems just and proper.

Dated: March 13, 2013					Respectfully submitted,

							DEFENDANTS,
							HABAND COMPANY LLC, COMENITY
							CAPITAL BANK F/K/A WORLD FINANCIAL
							CAPITAL BANK, AND ALLIANCE DATA
							SYSTEMS CORPORATION,

							By their attorney,


							  /s/ David M. Bizar
							David M. Bizar (ct20444)
							Seyfarth Shaw LLP
							World Trade Center East
							Two Seaport Lane, Suite 300
							Boston, MA 02210
							Telephone:  (617) 946-4874
							Facsimile:  (617) 790-5368
							Email: dbizar@seyfarth.com



**CERTIFICATE OF SERVICE**

    I hereby certify that on this 13th day of March, 2013 a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing on all parties of record.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of electronics Filing.  Parties may access this filing through the Court's CM/ECF system.


							  /s/ David M. Bizar
							David M. Bizar